UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DESHON HOLLOWAY,

                    Plaintiff,

  -against-                                  9:05-CV-0206
                                                    (LEK/DRH)

Corrections Officers BETSY MITCHELL-ODDEY,
ROY HASTINGS, and FRANK BUSKA, in their
individual capacities,

                    Defendants.

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

Deshon Holloway ("Plaintiff"), a New York State inmate, brought this action, pursuant to 42 U.S.C. §1983, alleging that Corrections Officers Betsy Mitchell-Oddey, Roy Hastings, and Frank Burska ("Defendants") used excessive force against him on February 22, 2002 at Upstate Correctional Facility. The facts of the relevant incident are disputed. Plaintiff alleges that, as he attempted to return his lunch tray through a metal hatch, Defendants grabbed, twisted, and held Plaintiff's arm and then kicked the hatch, causing a severe laceration on Plaintiff's arm. Plntf's Mem. of Law (Dkt. No. 46) at 3. In contrast, Defendants allege that the incident was initiated by Plaintiff, who reached through the hatch and grabbed C.O. Hastings' wrist, requiring the other Defendants to kicks the hatch in order to compel Plaintiff to release C.O. Hastings. Deft's Statement of Facts (Dkt. No. 45) at 2. In essence, the primary issue in this case is who grabbed the other's arm; who was the aggressor?

---

[1] For printed publication by the Federal Reporters.

1

Presently before the court is Plaintiff's Motion in limine to exclude evidence of Plaintiff's criminal conviction and prison disciplinary records.

## II. Discussion

Plaintiff argues that any evidence of his disciplinary history or his prior convictions should be excluded, pursuant to the Federal Rules of Evidence. Federal Rule of Evidence 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED. R. CIV. P § 404(b). The primary issue in this case is who initiated the interaction between Plaintiff and Defendants. Neither Plaintiff's prison disciplinary record, nor his past conviction for assault, has relevance to this issue for any purpose except to show propensity. See Hynes v. Coughlin, 79 F.3d 285, 290-91 (2d Cir. 1996) ("where there is no tenable basis for contending that there was an issue such as intent or knowledge, it is error to admit an inmate's disciplinary record to support the inference that he had a 'penchant for violent conduct.'"); Lombardo v. Stone, 99-Civ-4603, 2002 U.S. Dist. LEXIS 1267 (S.D.N.Y. 2002) (finding that "disciplinary records of a state ward plaintiff, *e.g.*, a prison inmate or psychiatric patient, are almost always inadmissible" because of Rule 404(b)). Accordingly, evidence of Plaintiff's past conviction or prison disciplinary record is not admissible.

Additionally, evidence of Plaintiff's past conviction, for an assault against corrections officers, is highly prejudicial, in that there are factual similarities between that situation and the circumstances of this case, as asserted by Defendants. Because, as noted above, the probative value of Plaintiff's past conviction is very limited, it is far outweighed by its prejudicial effect and is

subject to exclusion for that reason as well, under Rule 403.  FED. R. CIV. P § 403.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Motion in limine (Dkt. No. 46) to exclude disciplinary records and criminal convictions is **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    May 24, 2007
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge